Victor Hugo **SALDARRIAGA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–72841.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2007.

Filed July 24, 2007.

Robert A. Brundage, Esq., Angel A. Garganta, Esq., Rachel L. Chanin, Esq., Bingham McCutchen, LLP, San Francisco, CA, Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., Lisa W. Edwards, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: THOMPSON, RYMER, and FISHER, Circuit Judges.

MEMORANDUM *

Petitioner Victor Hugo Saldarriaga, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an Immigration Judge's ("IJ") removal order and denial of his applications for asylum and withholding of removal. We grant the petition in part, deny it in part, and remand for further proceedings regarding the possibility of Saldarriaga's relocation within Peru.

We affirm the IJ's determination that Saldarriaga did not establish past persecution. However, depending upon resolution of the relocation questions discussed below, Saldarriaga established a well-founded fear of future persecution. He credibly believed that the two brochures

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

placed under his door constituted threats of death. Moreover, his cousin, who along with Saldarriaga was involved with Los Ronderos, was the victim of an intentional and vicious burning. Given these circumstances, as well as the bombing of the school near Saldarriaga's home, he demonstrated that there was at least a " 'ten percent chance that [he would] be persecuted in the future[,]' " which was enough " 'to establish a well-founded fear.' " *Canales–Vargas v. Gonzales*, 441 F.3d 739, 743 (9th Cir.2006) (quoting *Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir.2004)).

 It is unclear from the record whether the IJ determined that Saldarriaga could safely relocate to a larger city in Peru. It is clear, however, that the IJ did not consider whether Saldarriaga's relocation would be reasonable. Both decisions must be made in order to determine the feasibility of internal relocation. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir.2004); 8 C.F.R. § 1208.13(b)(3) (listing reasonableness factors).

The feasibility of internal relocation is part of the well-founded fear inquiry, not a separate question. *See* 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality...."); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir.2003) ("The ability of an applicant to relocate to a place of safety may ... be considered ... in determining whether an applicant's fear is 'well-founded.' ") (citations omitted).

We remand for consideration of the relocation questions. *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1215 (9th Cir.2004); *Melkonian*, 320 F.3d at 1072; *Cardenas v. I.N.S.*, 294 F.3d 1062, 1066 (9th Cir.2002) (noting the BIA's determination that the petitioner had a well-founded fear of persecution by the Shining Path *in Lima* ).

Finally, although Saldarriaga's testimony and the evidence he presented compel the conclusion that he had a well-founded fear of future persecution, the standard for withholding of removal requires persecution to be " 'more likely than not.' " *Canales–Vargas*, 441 F.3d at 747 (quoting *Navas v. INS*, 217 F.3d 646, 657 (9th Cir.2000)). The IJ's determination that Saldarriaga failed to meet this higher standard is supported by substantial evidence. Therefore, we deny the petition for review of that claim.

Petition for review **GRANTED** in part and **DENIED** in part. Case **REMANDED** for further proceedings.